JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KELLER COOPER JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | NO. CV 17-8335-FMO (AGR) <br><br> **ORDER OF DISMISSAL** |

### *I. Procedural History*

On November 15, 2017, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Dkt. No. 1.) Defendants are the Los Angeles County Sheriff's Department and individual deputy sheriffs.

On Defendants' motion to dismiss the complaint, the magistrate judge recommended that the Court dismiss, with leave to amend, the *Monell* claims in Claims One and Two, and the claims against Defendant Marbach. (Dkt. No. 53.) On September 17, 2018, the Court issued an order accepting the recommendation. (Dkt. No. 62.) Plaintiff filed a First Amended Complaint on

1

October 9, 2018.  (Dkt. Nos. 75, 77.)

On April 23, 2019, Plaintiff participated in a settlement conference but the case did not settle.  (Dkt. No. 97.)

On August 9, 2019, the magistrate judge issued an order to show cause why the action should not be dismissed without prejudice based on Plaintiff's failure to keep the court apprised of his current mailing address.  (Dkt. No. 127.)  The postal service had returned the court's scheduling order as undeliverable.  (Dkt. No. 126.)  On September 13, 2019, the order to show cause was discharged after Plaintiff filed a notice of change of address.  (Dkt. No. 129.)

On February 28, 2020, Defendants filed a motion for summary judgment.  (Dkt. No. 139.)  The magistrate judge issued a *Rand* notice for Defendant's motion for summary judgment.  (Dkt. No. 141); *Rand v. Rowland*, 154 F.3d 952, 955 (9th Cir. 1998) (en banc).  The mail was returned as undeliverable by the postal service.  (Dkt. No. 142.)  Nevertheless, on March 24, 2020, Plaintiff filed a notice of change of address to "homeless status" and listed a phone number.  (Dkt. No. 144.)  Plaintiff also filed a document stating that he had lost his phone and was "now homeless without a phone."  (Dkt. No. 143.)  He stated that he tried to call Defendants "to inform them that I will be writing an opposition to the defend[a]nts accusations that I was fighting or in combat with staff involved."  Defendants did not answer, so Plaintiff left a message with the defense lawyers.  (*Id.*)  Plaintiff asked that the Court not grant Defendant's motion for summary judgment and "not punish me for lack of resources and for having housing issues."  (*Id.*)

On August 10, 2020, Defendant filed an Inquiry and declaration.  (Dkt. No. 145.)  Defense counsel states that he left a voicemail message at the phone number listed in Plaintiff's last notice of change of address and received no response.  Without a phone number or physical address, defense counsel has no

way to contact Plaintiff.  (Altura Decl. ¶¶ 3-5.)

## II. Inability to Contact Plaintiff

Local Rule 41-6 requires that a Plaintiff proceeding *pro se* must keep the Court apprised of the Plaintiff's current address.  In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

Plaintiff has failed to notify the court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable as required in Local Rule 41-6.  Neither defense counsel nor the Court is able to contact Plaintiff.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has failed to notify the court of his current mailing address and has rendered it difficult if not impossible for the court or defense counsel to contact him.  Plaintiff's conduct hinders the court's ability to move this case toward disposition.

The third factor – prejudice to defendants – weighs in favor of dismissal or is at best neutral.  A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452-53.  That

3

presumption may be rebutted when a plaintiff proffers an excuse for delay. Although plaintiff claims that he is homeless, that does not prevent him from receiving mail.  The United States Post Office allows homeless persons to receive mail via a post office box or through its "general delivery" service at the individual's local post office.  (See "Is there Mail Service for the Homeless?" U.S. Postal Service, available at https://faq.usps.com/s/article/is-there-mail-service-for-the-homeless) (last visited Aug. 20, 2020).[1]  Plaintiff does not explain why he has not attempted to arrange with the postal service to hold mail for him for pickup at one of its local post offices.  In short, defense counsel's inability to contact Plaintiff means that Defendant cannot litigate this case to conclusion.

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal.  It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to notify the court of a means by which the Court can contact him.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal, again because Plaintiff has failed to keep the court apprised of his current address or other means of contacting him.  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

---

[1]  The court takes judicial notice of this page from the U.S. Postal Service website. See El-Aheidab v. Citibank (S. Dak.), N.A., 2012 WL 506473, at *4 (N.D. Cal. 2012) (taking judicial notice of USPS website).

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Absent a current address for Plaintiff or other means of contacting him, there is nothing more the Court can do.

Accordingly, IT IS HEREBY ORDERED that:

1. All pending motions are denied as moot.

2. This action is dismissed without prejudice. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). This order is without prejudice to Plaintiff's ability to file a motion to reopen the case within 30 days after entry of this order. Failure to file a motion to reopen within 30 days of the filing of this Order shall result in the entry of judgment dismissing the case without prejudice.

Dated this 21st day of August, 2020.

/S/
_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE